## UNITED STATES *v.* VESTAL.

### (*District Court, W. D. North Carolina.* April Term, 1882.)

**1. MARSHAL'S SALE—RESALE.**

If an officer, at an execution sale, fraudulently refuses to accept the highest bid of a responsible bidder, such bidder may have the sale set aside and a resale ordered, to commence at the amount of his bid, but he cannot be declared the purchaser.

**2. SAME—COMPETITION IN BIDS—OFFER TO PAY DEBT.**

If the debtor or any other responsible person for the benefit of the debtor, offers at the sale to pay the debt, and the officer of the law accepts such offer, the sale may be stopped, and further competition in bidding is unnecessary, as the purposes of the writ of execution have been accomplished, and the highest bidder thereunder has no rights which can be enforced by the court.

This was a rule on the marshal for the causes and purposes set forth in the opinion of the court.

*J. N. Staples,* for rule.

*J. M. Moring,* for marshal.

DICK, D. J. I find the following facts from the affidavits filed: The deputy marshal had duly levied the execution on the lands of the defendant, and on the ———— day of ————, 1882, offered the same at public auction to satisfy said execution. The biddings were continued for some time, and the affiant Taylor Teague was the last and highest bidder. While the deputy marshal was crying the bid of Teague, the father of the defendant offered to pay off the execution and costs for his son. This proposition was accepted by the deputy marshal and the sale was discontinued.

I am of the opinion that Teague acquired no rights by his last and highest bid which can be enforced by the court as the bid was not accepted by the auctioneer. A bid at an auction is but an offer to purchase, and may be withdrawn before it is accepted. To constitute a contract of sale the agreement must be mutually binding upon the parties. As Teague's last and highest bid was not accepted he was not bound by it, and no contract of sale was effected. If an

officer at an execution sale fraudulently refuses to accept the highest bid of a responsible person and accepts a lower bid, the highest bidder can, by an application to the court from which the execution issued, have such sale set aside and a resale ordered, to commence at the amount of his bid; but the court cannot declare him to be the purchaser.

The deputy marshal was a public officer acting in obedience to an execution commanding him in the name of the United States to cause to be made of the property of the delinquent debtor a sum of money judicially ascertained to be due the plaintiff in the execution. The levy made by the officer on the lands of the debtor divested neither the possession nor the estate of the debtor, but merely conferred a power of sale for the purposes designated in the execution. In offering the land for sale the officer was acting as a minister of the law, in obedience to its mandate, and could not rightfully exceed his power. That mandate required him to make the sum of money mentioned in the execution, and sell the property of the debtor for that purpose, if a sale became necessary. In making a sale under execution an officer is in some respects the agent of the debtor, and as such agent it is his duty to make a sale in such a manner as not to sacrifice unnecessarily the property of the debtor, as the law accords to him all the chances of a fair sale and a full price. Every debtor has a right, at any time before the sale is completed, to prevent a sale by the payment of the money mentioned in the execution to the officer. In this case a satisfactory proposition of payment was made to the officer by the father of the defendant, and at his request, and the same was accepted and the offer of sale was withdrawn.

It was insisted in the argument that the policy of the law in requiring execution sales to be made at public auction to the highest bidder is to encourage competition, and that it will not tolerate any conduct of the officer or any other influence which is calculated to discourage or prevent such fair competition among bidders. This general proposition is correct; but the object of competition among bidders is to secure a fair price for the property, for the benefit of the parties interested in the sale. After a sufficient sum has been obtained to secure the debt of the plaintiff, the debtor is the only one who can be benefited by a higher bid. If he offers to pay the debt of the plaintiff and the officer of the law accepts such offer, there is no necessity for the encouragement of further competition, and the sale may be stopped, as the purposes of the writ of execution

have been accomplished and the debtor does not desire to part with his property. In this case the affiant Teague has in no way been damaged, and the execution has been satisfied without the sale of the lands of the defendant. If there had been a sale to a lower bidder and the officer had acted fraudulently or irregularly, we have already stated what would have been the right and remedy of the highest bidder. There is inherent in every court a power to supervise the conduct of its officers and the execution of its judgments and processes. The court can set aside a sale and order a resale, but cannot declare a bidder to be a purchaser—the contract of sale must be made by its ministerial officer.

As the execution in this case has been returned *satisfied* and the money has been paid into court, I decline to grant the prayer contained in the affidavit of Teague, and the rule heretofore granted is discharged, without costs to either party.